IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § § | |
| v. | § § § | CIVIL ACTION NO. |
| WAL-MART STORES TEXAS, LLC. | § § § | |
| Defendant. | § | JURY TRIAL DEMANDED |

## COMPLAINT

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability; and to provide appropriate relief to Jesse Landry. As alleged with greater particularity in paragraphs 12 - 18 below, Wal-Mart Stores Texas, LLC discriminated against Jesse Landry, in violation of the ADA, by refusing to hire her for a stocker job for which she was well-qualified. Although her medical condition (congenital amputee) did not affect her from doing her job, the Walmart managers responsible for screening and interviewing applicants refused to refer her on for employment because of her disability and/or Defendant regarded Jesse Landry as having a disability by refusing to hire her because of an actual or perceived impairment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by

1

reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to § 102 of the Civil Rights of Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission" or "EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      Defendant Wal-Mart Stores Texas LLC, is a Texas limited liability company. At all relevant times, Wal-Mart Stores Texas LLC has been doing business in the State of Texas and the city of Conroe, and has continuously had at least 15 employees. Wal-Mart Stores Texas LLC currently has over 200 employees. Wal-Mart Stores Texas LLC may be served by serving its registered agent for service of process, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5), (7).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Jesse Landry filed a charge with the Commission alleging violations of the ADA by Defendant.

8. On May 14, 2018, the Commission issued to Defendant Letters of Determination finding reasonable cause to believe that the ADA was violated, and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. The Commission attempted to engage in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. On September 14, 2018, the Commission issued to Defendant Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12. On or about July 14, 2015, Defendant engaged in unlawful employment practices at its Store #0400 located in Conroe, Texas, in violation of Sections 101 et. seq. of Title I of the ADA, 42 U.S.C. § 12101 et seq.,

13. Jesse Landry is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). Jesse Landry has an impairment, the

congenital loss of her right forearm and hand, that substantially limits major life activities and major bodily functions -- including, but not limited to, caring for oneself and the operation of the musculoskeletal function and/or Defendant regarded Jesse Landry as having a disability by refusing to hire her because of an actual or perceived impairment, the congenital loss of her right forearm and hand.

14. On May 8, 2015, and again on July 8, 2015, Jesse Landry applied for positions with Wal-Mart Stores Texas, LLC.  In those applications, Ms. Landry indicated an interest in a variety of positions including cart pusher, courtesy associate, cashier, service desk and layaway, direct store delivery and receiving coordinator, jewelry and shoes, sales/receiving coordinator, fitting room, health/beauty, pharmacy, and optical sales, household chemicals, paper-goods, pets and toys, photo center specialist and connection center sales, set-up, remodel and recycling, shoes and apparel.

16. Jesse Landry interviewed at Wal-Mart store #0440 in Conroe, Texas on July 14, 2018, for a stocker job.  During the course of the job interview, a manager employed by Wal-Mart informed Landry that she would not be able to do the job for which she was interviewing, because of her disability.  The interviewer ended the interview and told Ms. Landry that she would call her back if a more suitable job arose.

17. Between June 2015 and August 2015, Wal-Mart Stores Texas, LLC hired three stockers, including one who was hired on July 30, 2015.  At no time did Jesse Landry receive a call back for a follow-up interview or job offer.

18. Notes from Jesse Landry's job interview show that Wal-Mart's managers rated her responses to interview questions as "exceeds expectations."  Despite this rating, Ms. Landry was never hired.

19. The effect of the practices complained of in paragraphs 12 - 18 above has been to deprive Jesse Landry of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

20. The unlawful employment practices complained of in paragraphs 12-18 above were intentional.

21. The unlawful employment practices complained of in paragraphs 12-18 above were done with malice or with reckless indifference to the federally protected rights of Jesse Landry.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Wal-Mart Stores Texas, LLC, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from firing or failing to hire employees with disabilities because of their disabilities, and specifically from discriminating against workers based upon perceptions of their abilities or disabilities.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and provide equal employment opportunities for workers whose impairments and disabilities are apparent, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Jesse Landry, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful-place hiring of Jesse Landry, or, in the alternative, front pay.

  D. Order Defendant to make whole Jesse Landry by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 12-18 above, including job search expenses and medical expenses, in amounts to be determined at trial.

  E. Order Defendant to make whole Jesse Landry by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 12-18 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

  F. Order Defendant to pay Jesse Landry punitive damages for its malicious and reckless conduct, as described in paragraphs 12-18 above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel
Equal Employment Opportunity Commission
131 M Street, N.E.
Washington, D.C. 20507

Rudy L. Sustaita
Regional Attorney
Kathy D. Boutchee
Acting Supervisory Trial Attorney

<u>/s/ Lloyd S. Van Oostenrijk</u>
Lloyd S. Van Oostenrijk
Trial Attorney
Lead Attorney
Texas Bar No. 24056467
Equal Employment Opportunity Commission
1919 Smith Street, Suite 600
Houston, Texas 77002
(713) 651-4906
(713) 651-7995 [facsimile]
lloyd.vanoostenrijk@eeoc.gov