

Littler CaseSmart® Program Mailing Address:

Littler Mendelson, P.C.
2301 McGee Street
Suite 800
Kansas City, MO 64108

February 18, 2016

**ALL INFORMATION CONTAINED HEREIN SHALL REMAIN CONFIDENTIAL**

**VIA U.S. MAIL AND FACSIMILE - 713-651-4902**

Sharon McElroy, Investigator
U.S. EEOC
Houston District Office
Mickey Leland Building
1919 Smith Street, 7th Floor
Houston, Texas 77002

RECEIVED 16 FEB 29 PM 3:12 HOUSTON DISTRICT OFFICE EEOC

Re: **Jesse Landry vs. Wal-Mart Stores Texas, LLC**[1]
**Charge No. 460-2016-0032**

Dear Ms. McElroy:

This letter and the attached exhibits constitute the initial statement of position for Respondent Wal-Mart Stores Texas, LLC (hereinafter "Walmart" or "the Company") with respect to the above-referenced Complaint filed by Jesse Landry.[2] In his Charge, Mr. Landry alleges that Walmart discriminated against him on the basis of his alleged disability (unspecified) when

---

[1] The Charging Party improperly identifies "Walmart" as the Respondent in this matter. The appropriate Respondent in this matter is Wal-Mart Stores Texas, LLC, which is the operating entity for Store #0400 in Conroe, Texas. Respondent respectfully requests that the Charge be amended to reflect the appropriate Respondent name.

[2] The information and supporting documentation contained herein, and that which may be submitted hereafter, is strictly confidential and not to be used for any purpose other than the resolution of the current Charge of Discrimination or disseminated to any person without Walmart's prior approval. See 42 U.S.C. §§ 2000e-5(b); 2000e-8(e); 29 C.F.R. §§ 1601.22, 1601.26; 56 Fed. Reg. 10847. In addition, this response is based upon our understanding of the facts and the information reviewed thus far. Although there has not been an opportunity for formal discovery, this response is submitted for the purpose of aiding the agency in its investigation and facilitating the informal resolution of these matters. This response, while believed to be accurate, does not constitute an affidavit or a binding statement of Walmart's legal position, nor is it to be used as evidence of any kind in any administrative or court proceeding in connection with Charging Party's allegations. Because additional facts likely would be uncovered through discovery or following a full investigation, Walmart in no way waives its right to present new or additional information at a later date, for substance or clarification. Moreover, by responding to this Charge, Walmart does not waive, and hereby preserves, any and all substantive and procedural defenses that may exist to the Charge and Charging Party's allegations. Walmart requests that any efforts to contact its current managers be directed through its counsel.

littler.com

Sharon McElroy, Investigator
February 18, 2016
Page 2

it did not hire him for an open position at its store in Conroe, Texas, in July 2015. His allegations are meritless. The applicable evidence reveals that Mr. Landry was not hired because he was not the best qualified individual for the position. The Company, therefore, respectfully requests that the Charge be dismissed in its entirety with a "no probable cause" determination.

I. **FACTUAL BACKGROUND**

A. **Walmart's Employment Application Process**

Walmart relies on a computer program to collect applications for employment and place applicants into open requisitions. Walmart's computer-based employment application process does not inquire, receive, or retain information regarding an applicant's disability status. In fact, Walmart is committed to providing equal opportunities to all of its Associates and applicants, and maintaining a workplace free of discrimination and retaliation. To that end, Walmart maintains policies on equal employment opportunity, diversity and retaliation. Excerpts from Walmart's Statement of Ethics and its Discrimination and Harassment Prevention Policy are attached as Exhibit A.

Walmart is committed to providing reasonable accommodations as well as various forms of leave in order to assist its Associates with disabilities. In its Accommodation in Employment Policy, Walmart expressly states that it does not discriminate against any Associate on the basis of a qualifying disability, a perceived qualifying disability, a record of having a qualifying disability, or a known close relationship with an individual who has a qualifying disability, and that it provides reasonable accommodations for all qualified Associates with disabilities. *See* Exhibit B, Accommodation in Employment Policy.

Walmart's policies prohibit discrimination or harassment on the basis of disability and other protected characteristics. The application process begins with an applicant completing an online application via any computer, including computers located at Store kiosks or at the applicant's home. An applicant's employment application remains active in Walmart's system for 60 days, after which applicants who still are interested in positions with the Company must update their application.

B. **Mr. Landry's Employment Application with Walmart**

Mr. Landry submitted a general application to the Conroe, Texas Walmart #0400 ("the Store) on July 8, 2015. *See* Exhibit C, Mr. Landry's Application. Based upon his self-described qualifications, he was selected to interview for a Stocker position on July 14, 2015. Walmart also interviewed a number of other candidates for that position and ultimately selected another candidate.

## II. WALMART DID NOT DISCRIMNATE AGAINST MR. LANDRY.

Walmart denies that it discriminated against Mr. Landry because of his disability, actual or perceived. Walmart's non-discriminatory reason for not hiring Mr. Landry is that it selected a better qualified individual for the position. Mr. Landry has no evidence that this reason is pretext for discrimination. Walmart does not inquire about applicants' disabilities during the interview process, only their ability to perform the job's essential functions with or without an accommodation. Additionally, although Walmart does not generally track or retain information about Associate's disabilities, there are a number of other associates at the store who have asked for and received accommodations related to disabilities.

Notably, Mr. Landry renewed his application for employment with the Store in November 2015. *See* Exhibit C. Certainly, if his allegations were true, Mr. Landry would not willingly reapply to a discriminatory work environment, particularly when there are other Walmart stores in the area to which he could apply. Accordingly, his claims simply do not hold up under scrutiny.

## III. CONCLUSION

Walmart is continuing to investigate this matter and will supplement its response upon completion of that investigation. Regardless, Mr. Landry's Charge is unfounded and Walmart respectfully requests that the Department issue a no-cause determination and dismiss this matter in its entirety.

Best regards,

P. Caleb Patterson
415.276.2604 direct
415.743.6547 fax
pcpatterson@littler.com

PCP
Enclosures
cc: Alison Day