United States District Court
Southern District of Texas
**ENTERED**
December 17, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-18-3407 |
| WAL-MART STORES TEXAS, LLC, | § § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

The Equal Employment Opportunity Commission ("EEOC" or "Plaintiff") filed this action against Wal-Mart Stores Texas, LLC ("Defendant") alleging disability discrimination in violation of the Americans with Disabilities Act of 1990 ("ADA"). Pending before the court is Plaintiff EEOC's Opposed Motion to Quash and for Protective Order from Defendant's Written Discovery Concerning Conciliation ("Plaintiff's Motion to Quash") (Docket Entry No. 25). For the reasons explained below, Plaintiff's Motion to Quash will be granted in part and denied in part, and the parties will be permitted to supplement their briefing on Defendant's Opposed Motion to Stay and Compel Conciliation ("Defendant's Motion to Stay") (Docket Entry No. 29) after additional discovery.

## I. Factual and Procedural Background

Plaintiff brings this action on behalf of Jesse Landry, a congenital amputee who lacks a right hand and forearm.[1] Defendant interviewed Landry for a stocker position on July 14, 2018.[2] Plaintiff alleges that the manager conducting the interview informed Landry that she could not do the job due to her disability and ended the interview.[3] Landry filed a charge of discrimination with Plaintiff in October of 2015.[4] Plaintiff investigated the charge and on May 14, 2018, sent Defendant a letter that concluded there was reasonable cause to believe Defendant had violated the law.[5] Plaintiff alleges it attempted to settle the case through conciliation, but Defendant alleges that the "EEOC wholly failed to properly engage in the conciliation process in good faith . . . ."[6] In September of 2018 Plaintiff determined that conciliation had failed, and Plaintiff filed this action on September 24, 2018.[7]

---

[1]Complaint, Docket Entry No. 1, pp. 3-4 ¶ 13. All page numbers for docket entries in the record refer to the pagination inserted at the top of the page by the court's electronic filing system, CM/ECF.

[2]Id. at 4 ¶ 16.

[3]Id.

[4]Plaintiff's Motion to Quash, Docket Entry No. 25, p. 2.

[5]Id.

[6]Id.; Defendant's Response in Opposition to Plaintiff's Motion to Quash and Protective Order, ("Defendant's Response") Docket Entry No. 30, p. 8 ¶ 15.

[7]Plaintiff's Motion to Quash, Docket Entry No. 25, p. 2.

Defendant served discovery requests on Plaintiff that included requests for admission and interrogatories related to the parties' pre-suit conciliation discussions.[8] Defendant requested that Plaintiff admit facts related to whether Defendant had been informed of Landry's specific disability, the parties' settlement negotiations, and Plaintiff's communications with Landry during those negotiations.[9] Plaintiff filed its Motion asking the court to quash discovery and to enter a protective order against the discovery requests on October 25, 2019.[10] Defendant responded on November 14, 2019,[11] and Plaintiff replied on November 20, 2019.[12] Defendant has also submitted its motion requesting the court stay the action and compel conciliation.[13]

## II. Law and Analysis

Federal Rule of Civil Procedure 26(c) permits parties from whom discovery is sought to move for a protective order. Fed. R. Civ. P. 26(c)(1). If there is good cause for protection, the court

---

[8]Plaintiff's Responses to the Defendant's First Requests for Admissions and Second Set of Interrogatories ("Plaintiff's Discovery Responses"), Docket Entry No. 27, pp. 7-13.

[9]Id.

[10]Plaintiff's Motion to Quash, Docket Entry No. 25.

[11]Defendant's Response, Docket Entry No. 30.

[12]Plaintiff Equal Employment Opportunity Commission's Reply to Defendant's Response to Plaintiff's Motion to Quash and for Protective Order ("Plaintiff's Reply"), Docket Entry No. 32.

[13]Defendant's Motion to Stay, Docket Entry No. 29, p. 16.

may prohibit the requested discovery or limit inquiry into certain matters. Fed. R. Civ. P. 26(c)(A), (D). Plaintiff seeks protection against Defendant's requested discovery as to actions taken and discussions held during conciliation. Plaintiff argues that the Supreme Court's decision in Mach Mining, LLC v. E.E.O.C., 135 S. Ct. 1645 (2015), sharply limits the scope of review and therefore discovery of the conciliation process, and that Defendant's requested discovery exceeds that limited scope.[14] Defendant responds that Mach Mining allows narrowly tailored discovery of conciliation and that its requests fall within that scope.[15]

Title VII of the Civil Rights Act, which the ADA incorporates by reference, allows the EEOC to sue employers on behalf of individuals who have been discriminated against. 29 U.S.C. § 794a; 42 U.S.C. § 2000e-5(b). As a mandatory precondition to the lawsuit, however, the EEOC must first attempt to resolve the issue through "informal methods of conference, conciliation, and persuasion." 42 U.S.C. § 2000e-5(b); Mach Mining, 135 S. Ct. at 1651. In Mach Mining the Court held that fulfillment of this precondition is subject to limited judicial review. 135 S. Ct. at 1652-53. To fulfill the mandatory precondition for conciliation under § 2000e-5(b) "the EEOC must inform the employer about the

---

[14]Plaintiff's Motion to Quash, Docket Entry No. 25, pp. 3, 6.

[15]Defendant's Response, Docket Entry No. 30, pp. 12, 14.

-4-

specific allegation," describing "both what the employer has done and which employees (or what class of employees) have suffered as a result." Mach Mining, 135 S. Ct. at 1655-56. The EEOC must then "try to engage the employer in some form of discussion . . ., so as to give the employer an opportunity to remedy the allegedly discriminatory practice." Id. at 1656. Judicial review of conciliation is limited to whether these requirements were met and excludes review of statements made or positions taken during the attempted discussions. Id. This limitation is necessary to give effect to the statute's requirement that the informal conciliation process not be disclosed to the public or used as evidence in a subsequent proceeding. Id. at 1655; see 42 U.S.C. § 2000e-5(b).

Defendant argues that Mach Mining speaks only to the scope of judicial review under § 2000e-5(b) and does not govern the scope of discovery available under the standard of review.[16] But this argument is inconsistent with Mach Mining's holding that "'[n]othing said or done during and as a part of [conciliation] may be made public by the Commission, its officers or employees, or used as evidence in a subsequent proceeding.'" Id. (quoting 42 U.S.C. § 2000e-5(b)). This holding constrains disclosure of facts related to the conciliation process to what is necessary for the court to decide whether the EEOC discharged its duty to conciliate. Id. at 1656. The court must therefore consider Defendant's

---

[16]Defendant's Response, Docket Entry No. 30, p. 11 ¶ 24.

discovery requests in light of the limited scope of review to determine whether they are "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); see also EEOC v. New Mexico, Corrections Department, Civ. No. 15-879 KG/KK, 2016 WL 9777238, at *5 (D.N.M. Sept. 30, 2016) (concluding Rule 26 and Mach Mining prohibit discovery of documents related to the substantive content of conciliation discussions).

Defendant argues that its discovery requests are relevant to its contentions that the EEOC has not discharged its duty to conciliate because "(1) the EEOC failed to timely provide any specific allegation of Landry's 'disability' to Walmart and (2) the EEOC failed to engage[] in good faith conciliation discussions, which resulted in denying Walmart an actual opportunity to remedy the allegedly discriminatory practice by concealing and misrepresenting information."[17] To decide Plaintiff's Motion to Quash the court must assess whether these allegations are within the court's scope of review and whether Defendant's discovery requests are appropriate in light of that scope of review.

### A.  Specific Allegation of Disability

The EEOC must notify the Defendant of the nature of the "specific allegation" against it as part of engaging it in pre-litigation conciliation. Mach Mining, 135 S. Ct. at 1655-56.

---

[17]Defendant's Response, Docket Entry No. 30, p. 14 ¶ 30.

Defendant seeks discovery of evidence that Plaintiff did not notify Defendant of the specific type of disability suffered by Landry.

In most cases the EEOC satisfies the notice requirement when it sends an employer a letter that details the specific allegation that the employer has engaged in employment discrimination. Id. But at least one federal district court has stated that notice would not be sufficient to satisfy the requirement unless the EEOC specifies the disability suffered by the complainant in the case. EEOC v. Amstead Rail Co., Inc., 169 F. Supp. 3d 877, 885 (S.D. Ill. 2016). This court agrees. The ADA claim brought by Plaintiff alleges that Defendant engaged in employment discrimination against a disabled person who is a qualified individual on the basis of disability. 42 U.S.C. § 12112(a). Qualified individuals under the ADA are those "who, with or without reasonable accommodation, can perform the essential functions of the employment position." 42 U.S.C. § 12111(8). Whether a disabled person is able to perform a job's essential functions with or without reasonable accommodation requires a fact-specific inquiry as to the disability suffered and the job's requirements. See Stevens v. Rite Aid Corp., 851 F.3d 224, 229 (2d Cir. 2017); Holbrook v. City of Alpharetta, Georgia, 112 F.3d 1522, 1527 (11th Cir. 1997). This means that an employer needs to know the alleged disability of the complainant to understand an ADA employment discrimination claim against it. Accordingly, the EEOC must inform an employer of the specific disability involved as part of the allegations underlying an ADA

-7-

claim. Whether Plaintiff sufficiently notified Defendant is subject to review, and therefore discovery of what information Plaintiff provided Defendant regarding Landry's specific disability is appropriate. See Fed. R. Civ. P. 26(b)(1).

Defendant's Requests for Admission Nos. 20, 21, 24, 25, and 34 all involve whether Plaintiff notified Defendant of Landry's specific disability.[18] These discovery requests are proportionate and relevant to the court's limited scope of review over conciliation. Plaintiff's Motion to Quash will be denied as to these requests for admission.

B.  Review of Conciliation Discussions

The EEOC must also "try to engage the employer in some form of discussion." Mach Mining, 135 S. Ct. at 1656. Defendant argues that the EEOC did not engage in good faith discussions and seeks discovery related to alleged discussions, offers of settlement, lack of counter-offers, and whether the EEOC notified Landry of Defendant's settlement offers. But Mach Mining expressly rejected the argument that a conciliation requirement imposes "any reciprocal duty to negotiate in good faith." Id. at 1648. The statute grants the EEOC broad discretion "over the pace and duration of conciliation efforts, the plasticity or firmness of its negotiating positions, and the contents of its demands for relief." Id. at 1654. "And the EEOC alone decides whether in the end to

---

[18]Plaintiff's Discovery Responses, Docket Entry No. 27, pp. 7-9, 13.

make an agreement or resort to litigation: The Commission may sue whenever 'unable to secure' terms 'acceptable to the Commission.'" Id. (citing 42 U.S.C. § 2000e-5(f)(1)). Combined with the statute's non-disclosure provision, this precludes the court's review of statements made, positions taken, or the parties' actions during conciliation discussions. Id. at 1656. Discovery as to the details of conciliation discussions is therefore not relevant or proportionate to the needs of the case. See Fed. R. Civ. P. 26(b)(1). Review, and therefore discovery, is limited to whether the EEOC notified the Defendant of the charge and attempted to engage in a discussion. Mach Mining, 135 S. Ct. at 1656.

Defendant's Request for Admission No. 19 asks Plaintiff to admit that it sent a letter "inviting Walmart to join . . . 'a collective effort toward conciliating the case.'"[19] This request relates to whether Plaintiff attempted to engage Defendant in a conciliation discussion, which is within the court's limited scope of review. Plaintiff's Motion to Quash will be denied as to Request for Admission No. 19.

Defendant's Requests for Admission Nos. 22, 23, 26, 27, 28, 29, 30, 31, and 32 and Defendant's Interrogatory No. 24 all relate to discussions on the merits of the case, settlement offers, counter-offers, and whether Plaintiff informed Landry of Defendant's settlement offers.[20] This discovery pertains to the

---

[19] Id. at 7.

[20] Id. at 8, 10-13.

substance and detail of the conciliation discussions, which are not subject to judicial review and therefore are outside the scope of discovery. Plaintiff's Motion to Quash will be granted as to these requests.

### III. Conclusions and Order

For the reasons stated above, Plaintiff EEOC's Opposed Motion to Quash and for Protective Order from Defendant's Written Discovery Concerning Conciliation (Docket Entry No. 25) is **GRANTED IN PART** as to Defendant's Request for Admission Nos. 22, 23, 26, 27, 38, 29, 30, 31, and 32 and Defendant's Interrogatory No. 24, and **DENIED IN PART** as to Request for Admission Nos. 19, 20, 21, 24, 25, and 34. Plaintiff will answer these requests for admissions by January 10, 2020.

The court will defer ruling on Defendant's Opposed Motion to Stay and Compel Conciliation (Docket Entry No. 29) until the parties have had an opportunity to complete limited discovery on conciliation. The parties will submit supplemental briefs and evidence on the motion by January 24, 2020. Paragraphs 6 through 12 of the Docket Control Order (Docket Entry No. 20) are **VACATED**.

**SIGNED** at Houston, Texas, this 17th day of December, 2019.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE