**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY** | § | |
| **COMMISSION,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:19-cv-03603** |
| | § | |
| **WAL-MART STORES TEXAS, LLC.,** | § | |
| | § | |
| *Defendant.* | § | |

<u>**EEOC'S MOTION IN LIMINE**</u>

Plaintiff, the Equal Employment Opportunity Commission ("Commission" or "EEOC"),
moves in limine, prior to the voir dire examination and out of the presence and hearing of the jury
panel, that the Court order all parties, attorneys, and witnesses not to refer, directly or indirectly,
in any manner whatsoever, in the presence of the jury panel, or the jury finally selected to try this
case, to any of the following matters without first approaching the Court out of the presence of the
jury or jury panel, so that the Court may determine the admissibility or relevance of such matters
before they are injected into the case in the presence of the jury or jury panel.  The matters are set
forth below.  In support thereof, the Commission would show the Court as follows:

1.      Any argument, reference, or suggestion that employment at Walmart is "at will",
or that as a result, Landry had no rights.  **Argument/Supporting Authority**: The Americans with
Disabilities Act modifies the at-will employment relationship.  In other words, even at-will
applicants or employees are fully entitled to enjoy the protections set out by this statute.  To make
such a suggestion would inherently suggest to the jury that Walmart was free to treat Jesse Landry
as it saw fit.  Of course, that is not the law.  Even at-will employees are entitled to the protections

1

afforded them by the ADA.  Thus, such an argument, suggestion or inference would be wrong, extremely misleading and therefore unduly prejudicial.  FED. R. EVID. 402 and 403.

2.      Any requests by Defendant's counsel for any stipulations from Plaintiff's counsel, or requests that Plaintiff produce documents from its files.  **Argument/Supporting Authority:** Making such requests in the presence of the jury or jury panel is improper.  Such matters should be taken up before the Court out of the presence of the jury or jury panel.  FED. R. EVID. 103(c).

3.      Any reference or suggestion during opening statement or voir dire that "anybody can file a lawsuit," or any suggestion that the case has not been subject to a factual review. **Argument/Supporting Authority:**  FED. R. EVID. 402, 403.

4.      Any reference or suggestion to the fact that the EEOC or its attorneys had any communications with Defendant, or their attorneys or representatives, concerning possible settlement of this case, including conciliation and including the contents of any such communications and responses thereto.  **Argument/Supporting Authority:**  Such settlement negotiations are inadmissible for any purpose and are highly prejudicial.  Fed. R. Evid. 408; *McHann v. Firestone Tire & Rubber Co.*, 713 F.2d 161, 166-67 (5th Cir. 1983) (finding settlement inadmissible and noting that jury probably drew improper inference from knowledge of settlement).  *Mundy v. Household Finance Corp.*, 855 F.2d 542 (9th Cir. 1989); *Pierce v. F.R. Tripler & Co.*, 955 F.2d 820, 826-29 (2d Cir. 1992).

5.      Any reference or suggestion that Jesse Landry may have been entitled to receive, will receive, or will become entitled to receive, benefits of any kind or character from a collateral source. **Argument/Supporting Authority:**  The collateral source rule is a substantive rule of law that bars a tortfeasor from reducing the quantum of damages owed to a plaintiff by the amount of recovery the plaintiff receives from other sources of compensation that are independent of (or

collateral to) the tortfeasor. *Manderson v. Chet Morrison Constrs., Inc.*, 666 F.3d 373, 381 (5th Cir. 2012).

6.      Any reference or suggestion that any recovery by Jesse Landry would or would not be subject to federal income taxation or any other form of taxation, as the law itself is unclear when the emotional distress does not stem from a personal physical injury. **Argument/Supporting Authority:** *See* Internal Revenue Code § 104

7.      Any evidence from any person whom Defendant would purport to call as a lay or expert witness, where the Defendant has not identified that person by name, correct address and a description of their potential testimony or their opinions.   **Argument/Supporting Authority:** Under Federal Rule of Civil Procedure 37(c), the Defendant is not entitled to offer the testimony of an expert or lay witness when their name, address, phone numbers, and nature of their testimony have not been disclosed, since no good cause exists to require admission. *Chapman & Cole v. Itel Container InrwenRioni B.V.*, 865 F.3d 676 (5th Cir. 1989); *see Guzman v. Memorial Hermann Hosp. Sys.*, No. H-07-3973, 2008 WL 5273713 *15 (S.D. Tex. Dec. 17, 2008).

8.      Any evidence from any person whom Defendant would call as a purported expert witness, where the Defendant has not "prove[n] by a preponderance of the evidence that the proffered testimony satisfies the rule 702 test." **Argument/Supporting Authority:** *Garza v. Pacific Cycle, L.L.C.*, 2004 WL 5501184 at *2 (S.D. Tex. July 7, 2004) (quoting *Mathis v. Exxon Corp.*, 302 F.3d 448, 459-60 (5th Cir. 2002)).

9.      Any evidence, reference, or suggestion that Jesse Landry has been involved in any other civil lawsuit or has settled any claim.

10.      That counsel for the Defendant not express his/her personal opinions regarding the case.

3

11.     Any evidence or arguments of the effect of the case, verdict, or judgment on the Defendant.  **Argument/Supporting Authority:**  FED. R. EVID. 402, 403.

12.     Any reference to the Plaintiff's right to recover pre-judgment and post-judgment interest.

13.     Any reference or suggestion that the Plaintiff or its attorneys have discussed this case with the media or issued a press release concerning the filing of the lawsuit.

14.     Any reference to any out-of-court statements made to Defendant or Defendant's representative by anyone with knowledge regarding any of the issues or circumstances involved in this case and where the Court has not previously determined the admissibility of such statements.  **Arguments/Supporting Authority:**  Such statements are hearsay and compromise Plaintiff's right to cross-examine any witnesses.  FED. R. EVID. 602, 802.

15.     Any reference to the probable testimony of a witness who is absent, unavailable, or not called to testify in this case.  **Argument/Supporting Authority:**  FED. R. EVID. 802.

16.     Any reference or suggestion that Walmart is an entity that never discriminates, makes good faith efforts to comply with the ADA, or has hired other individuals with disabilities.  **Argument/Supporting Authority:**  This would not only be irrelevant, FED. R. EVID. 402, but it would also be inadmissible character evidence.  FED. R. EVID. 404 and 608.  Statements of this nature should also be excluded insofar as they are a legal conclusion.

17.     Any reference or suggestion that Jesse Landry is receiving "free" or taxpayer-funded legal representation from the EEOC.  **Argument/Supporting Authority:**  Fed. R. Evid. 402, 403.

18.     Defendant, their counsel and witnesses, both lay and expert, should be prohibited from discussing any defenses to liability which are not specifically pled in Defendant's Answer.

4

There has been ample opportunity for discovery, and there is no basis for Defendant to allege new theories at the time of trial.

19.     Defendant and its counsel should be prohibited from calling any witnesses whose identity has not been disclosed to the Commission by Defendant in its Initial Disclosures or in response to discovery.

20.     Defendant should be prohibited from introducing any documentary evidence that has been in Defendant's possession, custody or control but has not been disclosed to the Commission by Defendant in its Initial Disclosures or in response to a Request for Production, or in supplemental disclosures or supplemental responses to Requests for Production.

21.     Defendant should be prohibited from making any reference to the fact that the EEOC has asserted any claim of privilege during discovery in the case, specifically including without limitation, the Rule 26(b)(3) investigative privilege, the attorney-client privilege, the deliberative process privilege, or the attorney work product privilege, or attorney-client communications privilege or that the EEOC has made any objections to any privilege or objections, nor any motion or positions taken by the EEOC on discovery matters.  **Argument/Supporting Authority:**  Legal privileges granted to parties, as well as the right to object to discovery, are of value only if they can be asserted without the fear of adverse comment before the jury or the jury panel by the opposing side.  To allow Defendant to make known to the jury or jury panel the fact that privileges have been claimed or objections made will introduce into the case a wholly collateral issue requiring explanation of legal matters and concepts not necessary to the jury's decision of the facts in the case.

22.     Defendants should be prohibited from making any mention, argument, suggestion, inference, or introducing evidence of the marital status of Jesse Landry or that she and Christopher

Washington had a child together prior to their marriage.  Their marital status is not relevant to any issue in this case and has the effect of unfairly prejudicing the jury.  **Argument/Supporting Authority:**  FED. R. EVID. 402, 403.

23.     Defendants should be prohibited from making any mention, argument, suggestion, inference, or introducing evidence that Jesse Landry has received or may receive in the future public benefits.  Such receipt of benefits is not relevant to any issue in this case and has the effect of unfairly prejudicing the jury.  **Argument/Supporting Authority:**  FED. R. EVID. 402, 403.

24.     Any reference or suggestion to the claim that the EEOC failed to engage in good faith conciliation of this case.  **Argument/Supporting Authority:**  *Mach Mining, LLC v. Equal Employment Opportunity Comm'n*, 575 U.S. 480 (2015); *EEOC v. Wal-Mart Stores Texas, LLC*, No. 4:18-cv-03407, 2020 U.S. Dist. LEXIS 78130 (S.D. Tex. Apr. 27, 2020), and the law of the case doctrine.

25.     Any reference or suggestion to the jury that Plaintiff's claims are barred by the doctrine of unclean hands, estoppel, and/or after-acquired evidence (Dkt. No. 23, ¶29) as Defendant has provided no evidence of such a defense.

26.     Any reference or suggestion to the jury that the Plaintiff's damages are limited by the statutory caps of 42 U.S.C. § 1981a or Sections 41.003, 41.007, and 41.008 of the Texas Civil Practice and Remedies Code.  (Dkt. No. 23, ¶33), as Defendant has provided no evidence of such a defense.

27.     Any reference or suggestion to the jury that Plaintiff is precluded from receiving back pay for a period when she was unable to work due to the emotional distress caused by Defendant's discriminatory failure-to-hire Jesse Landry.  (Dkt. No. 23, ¶36).

28.     Any reference or suggestion to the jury that the Texas Injury Care Benefits Plan bars Plaintiff from seeking or obtaining damages for mental anguish or physical suffering.  (Dkt. No. 23, ¶37), as Defendant has denied ever interviewing Jesse Landry and has provided no evidence of her employment with Walmart or coverage by the Texas Injury Care Benefits Plan.

29.     Any reference or suggestion to the jury by Defendant that Walmart would have taken the same action with respect to Jesse Landry's 2015 job applications so long as Walmart maintains that it never interviewed Jesse Landry for any open position.  (Dkt. No. 23, ¶28).

30.     Any reference or suggestion to the fact that the Plaintiff has filed a Motion in Limine requesting relief from the Court or that such relief has been granted by this Court. **Argument/Supporting Authority:**  Any reference to this Motion in Limine or any relief that might have been granted would be so prejudicial as to deprive the Plaintiff of a fair trial.

Respectfully submitted,

By:     /s/ Lloyd Van Oostenrijk
        Lloyd Van Oostenrijk
        Trial Attorney
        Attorney-in-Charge
        Texas Bar No.: 24056467
        Federal Bar No.: 695844
        1919 Smith Street, 7th Floor
        Houston, Texas 77002
        (346) 327-7718
        Fax: (713) 651-7995
        lloyd.vanoostenrijk@eeoc.gov

        ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing instrument was served via the Court's ECF filing system, on May 28, 2021, on counsel of record for the Defendant.

/s/ Lloyd Van Oostenrijk
Lloyd Van Oostenrijk